CORSICA, The (SCHUYLER v.). See Case No. 12,495.

## Case No. 3,257.

### CORT et al. v. DELAWARE INS. CO.

[2 Wash. C. C. 375.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1809.

EVIDENCE—SURVEY AT FOREIGN PORT — SEAWORTHINESS—INSURANCE—TOTAL LOSS.

1. A survey, ordered by an American consul, where the vessel insured put into a foreign port for want of repairs, and a report of the surveyors thereon, is not evidence to be laid before the jury. Query, if the same would not be evidence, if there were no tribunals at the port, from which an order for a survey could be obtained.

[Cited in The Henry, Case No. 6,372; The Vivid, Id. 16,978; The Director, 34 Fed. 59.]

2. If a vessel. after she commences her voyage, becomes unfit to prosecute it, having been

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States under the supervision of Richard Peters, Jr., Esq.]

exposed to no extraordinary peril of the sea, this may authorize so strong a presumption of want of seaworthiness at her departure, as to require strong evidence from the assured to repel the presumption.

[Cited in Higgie v. American Lloyds, 14 Fed. 147.]

3. Where a vessel has, upon a report of a survey under an order given by the American consul, been sold by the captain, without a regular condemnation, the loss cannot be made total; but the assured is entitled to no more than the amount of loss actually sustained.

Action [at law by Cort and Edwards] on a policy of insurance, dated the 18th of July 1806, on the schooner Triumph, at and from New York to Campeachy, and to three other ports in the bay of Campeachy, and back to New York; vessel valued at 1500 dollars, insured at 1000 dollars; premium, 10 per cent., to return one for each of the three ports to which she should not go. The vessel sailed on the voyage, and after experiencing some hard weather, from which, however, she sustained no particular injury, she arrived at Campeachy, tight, and in such order as to require no repairs; took in her homeward cargo, and on her return, was so much injured by gales and severe weather, that she was obliged to put into Havana, to repair. A survey was there directed, by an order of the American consul, and a report made, which this court would not permit to be given in evidence, it not being a judicial act; nor in notice, if one. The court observed, that if it appeared in evidence, that there were no tribunals at Havana, to which an application could be regularly made for a survey and condemnation, in case it should be deemed necessary, that this mode of proceeding might possibly be allowed. In this case, the persons who made the survey ought to have been examined. The vessel was sold at public auction for 350 dollars. On notice received by the plaintiffs of these circumstances, they offered to abandon, which was refused, on the ground that the vessel was not seaworthy. Sundry depositions were taken, in which the witnesses declared their opinions that the vessel was seaworthy, and fully sufficient for the voyage. The captain, in his deposition, stated that her inability to complete the voyage arose from the injury she had sustained by the gales, on her return. The court excluded such parts of the depositions, as gave the contents of the report of the surveyors at Havana.

WASHINGTON, Circuit Justice, charged the jury. As to the objection to the want of seaworthiness in this vessel, there is nothing in it. Although she was not particularly examined by the witnesses, they nevertheless state, that when she left New York, she was sound, and in all respects fit to perform the voyage insured. The witnesses are, the ship-carpenter, who repaired her at New York, before she left that port, her former master, and the one who commanded her on this voyage. Although she was exposed to bad weather on her outward voyage, she was yet so tight and staunch at Campeachy, as to require no repairs. The necessity she was under of putting into Havana, on her return, is accounted for by the severe gales she encountered. This evidence is sufficient to prove her seaworthy when she left New York, unless the contrary had been proved by the defendants. But they have given no evidence upon the subject. If a vessel, after she commences her voyage, becomes unfit to prosecute it, and has been exposed to no extraordinary perils of the sea, this circumstance may raise so strong a presumption of her having been unseaworthy at the time of her departure, as to call upon the insured to give strong evidence to repel the presumption—much stronger than has been offered in this case. But no such presumption is raised against this vessel.

The next objection to the plaintiffs' recovery, is, the want of evidence to justify the sale at Havana. This is certainly a well-founded defence. All that we know about the matter is, that the vessel sustained such injuries, on her return voyage, as to render it necessary for her to put into Havana, to repair. What ought the master to have done, after his arrival at that port? He ought to have had her repaired, if he could; or, if she were unfit to be repaired, or the expenses would have been so great as to have rendered the measure improper, he should have had a regular survey and condemnation, if in his power. But instead of this, he sells the vessel, breaks up the voyage, and thus attempts to convert a partial into a total loss, without showing that it was not in his power to repair, or that the vessel was not worth repairing, and without showing what the repairs would have cost. The sum for which the vessel sold, is no proof at all of the extent of the injury she had sustained. Though valued in the policy at 1500 dollars, she might not have been worth 500 dollars, or she might have been sold at an unfavourable market, or under unfavourable circumstances. If the insured would justify the conduct of their agent in breaking up the voyage, they should have satisfied the jury, by legal evidence, that the measure was proper, and not leave them to unsatisfactory conjectures as to this important fact.

On this point, the verdict ought to be only for such partial loss as the plaintiffs have proved.

Verdict for 500 dollars.